**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-4259**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARRETT OMAR LAWSON,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:23-cr-00224-SAL-1)

─────────

Submitted:  February 27, 2025                          Decided:  April 10, 2025

─────────

Before HARRIS and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Elle E. Klein, Assistant United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarrett Omar Lawson pleaded guilty, without a plea agreement, to possession with intent to distribute and distribution of five grams or more of methamphetamine and possession with intent to distribute and distribution of 50 grams or more of methamphetamine and 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B). The district court sentenced Lawson to a downward-variant sentence of 220 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether Lawson's sentence is substantively unreasonable. Although advised of his right to do so, Lawson has not filed a supplemental pro se brief. The Government declined to file a response brief.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, we review the sentence for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, this Court considers whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free from "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can

only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

We conclude that Lawson's sentence is both procedurally and substantively reasonable. Lawson argues that his sentence is substantively unreasonable because the district court should have rejected on policy grounds the application of the Sentencing Guidelines' career offender provisions and "arbitrary" treatment of "ice" methamphetamine. However, "[a]lthough a sentencing court may be entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data[,] it is under no obligation to do so." *See United States v. Williams*, 19 F.4th 374, 378 (4th Cir. 2021) (cleaned up). Here, the district court heard and rejected Lawson's arguments that his career offender status overstated his criminal history and that the Guidelines' treatment of "ice" methamphetamine was unjust, finding that these arguments, even if mitigating, were outweighed by the court's balancing of the § 3553(a) factors. We discern no abuse of discretion in the district court's decision not to reject the application of the Guidelines on policy grounds.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lawson, in writing, of the right to petition the Supreme Court of the United States for further review. If Lawson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lawson.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*